**In re ALUMCO INDUSTRIES CORPORATION, Debtor.**

**John J. HUNTER, Trustee, Plaintiff,**

v.

**Irma PENNEYS, et al., Defendants.**

**Bankruptcy No. 80–0543.**
**Related Case: 80–00198.**

United States Bankruptcy Court,
N. D. Ohio, W. D.

May 8, 1981.

Thomas J. Schank, Hunter & Schank, Toledo, Ohio, for plaintiff.

Harald F. Craig, Brown, Baker, Schlageter & Craig, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

A Motion for an order disqualifying the firm of Brown, Baker, Schlageter & Craig, collectively, and any members individually, from representing or counselling with any of the Defendants herein, and for an appropriate order protecting the work product in the possession of the firm of Brown, Baker, Schlageter & Craig and/or any individual members thereof relative to representation of Alumco Industries Corporation and for a further order relative to former members of the firm who may have had access to the work product or participated in the representation of Alumco Industries Corporation having been filed by the Trustee, and a hearing having been held with testimony offered into evidence and briefs filed by the parties, the Court makes the following findings:

1.) The Chapter 11 was originally filed on February 12, 1980. Brown, Baker, Schlageter and Craig were Attorneys of record on behalf of the Debtor.

2.) A two-day hearing on a Motion of one of the creditors for appointment of trustee commenced March 5, 1980. Brown, Baker, Schlageter and Craig were Attorneys of record on behalf of the Debtor.

3.) The Chapter 11 proceeding was converted to a Chapter 7 proceeding on May 6, 1980. At that time, Brown, Baker, Schlageter and Craig were Attorneys of record.

4.) The present suit by the Trustee instituted against the Defendants was filed December 19, 1980.

5.) A hearing on a Motion for temporary restraining order filed by Trustee was commenced December 30, 1980, with Attorney Charles Boxell of Brown, Baker, Schlageter and Craig present on behalf of Defendants Arthur, Debra and David Tuchinsky.

6.) Subsequent to the hearing on December 30, 1980, the following Orders were issued by the Court concerning Brown, Baker, Schlageter and Craig and the following pleadings were filed by Brown, Baker, Schlageter and Craig on behalf of their clients:

A.) December 30, 1980—Order continuing hearing to show cause why temporary restraining order should not be made permanent filed. Notation made on Order that copies were mailed to Brown, Baker, Schlageter and Craig as Attorneys of record.

B.) January 21, 1981—Answer of Defendant Arthur Tuchinsky to Plaintiff's Complaint filed.

C.) January 21, 1981—Answer of Defendant The Bala Corporation, formerly known as Gulf Ports Crating Co., to Plaintiff's Complaint filed.

D.) January 21, 1981—Answer of Defendant Carlton Corporation to Plaintiff's Complaint filed.

E.) January 21, 1981—Answer of Defendant Paulab Corporation to Plaintiff's Complaint filed.

F.) January 21, 1981—Answer of Defendant Market Management, Inc. to Plaintiff's Complaint filed.

G.) January 21, 1981—Answer of Defendant Investment Consultants, Inc. to Plaintiff's Complaint filed.

H.) January 21, 1981—Answer of Defendant Vitronic Systems, Inc. to Plaintiff's Complaint filed.

I.) January 21, 1981—Answer of Defendant David Tuchinsky to Plaintiff's Complaint filed.

J.) January 21, 1981—Answer of Defendant Blanche Aboyan to Plaintiff's Complaint filed.

K.) January 21, 1981—Answer of Defendant Jean A. Aboyan to Plaintiff's Complaint filed.

L.) January 21, 1981—Answer of Defendant David Garner to Plaintiff's Complaint filed.

M.) January 21, 1981—Answer of Defendant Mark Greenburg to Plaintiff's Complaint filed.

N.) January 21, 1981—Answer of Defendant Blake Parks to Plaintiff's Complaint filed.

O.) January 21, 1981—Answer of Defendant Marie Parks to Plaintiff's Complaint filed.

P.) January 21, 1981—Answer of Defendant Debra Tuchinsky to Plaintiff's Complaint filed.

Q.) January 27, 1981—Interrogatories and request for production of documents by Defendant David Garner directed to Plaintiff filed.

R.) January 27, 1981—Interrogatories and request for production of documents by Defendant Jean A. Aboyan directed to Plaintiff filed.

S.) January 27, 1981—Interrogatories and request for production of documents by Defendant Blanche Aboyan directed to Plaintiff filed.

T.) January 27, 1981—Interrogatories and request for production of documents by Defendant Mark Greenburg directed to Plaintiff filed.

U.) January 27, 1981—Interrogatories and request for production of documents by Defendant Marie Parks directed to Plaintiff filed.

V.) January 27, 1981—Interrogatories and request for production of documents by Defendant Debra Tuchinsky directed to Plaintiff filed.

W.) January 27, 1981—Interrogatories and request for production of documents by Defendant David Tuchinsky directed to Plaintiff filed.

X.) January 27, 1981—Interrogatories and request for production of documents by Defendant Virtonic Systems, Inc. directed to Plaintiff filed.

Y.) January 27, 1981—Interrogatories and request for production of documents by Defendant Investment Consultants, Inc. directed to Plaintiff filed.

Z.) January 27, 1981—Continued hearing held to show cause why temporary injunction should not be made permanent. Brown, Baker, Schlageter and Craig were present as Attorneys of Record.

AA.) January 27, 1981—Consent Order for preliminary injunction filed. Notation made on Order that B B S & C were mailed copy of Order as Attorneys of record.

BB.) January 29, 1981—Motion of Harald E. Craig for continuance of pre-trial conference filed.

CC.) March 5, 1981—Memorandum of Vironic Systems, Inc., Investment Consultants, Inc., David Tuchinsky, Debra Tuchinsky, Marie Parks, Mark Greenburg, J. David Garner, Jean Aboyan and Blanche Aboyan in opposition to Plaintiff's Motion for additional time to respond to interrogatories filed.

DD.) March 2, 1981—Interrogatories and request for production of documents by Defendant The Carlton Corporation directed to Plaintiff filed.

EE.) March 3, 1981—Joint request to Plaintiff of Defendants Irma Penneys, et al., for production of documents filed.

7.) The Motion to disqualify was filed March 16, 1980.

8.) Throughout the prosecution of the bankruptcy case and this adversary case, both in its original Chapter 11 format, the defense of the Motion to appoint a trustee to replace the debtor-in-possession and the subsequent administration of the Chapter 7 case, the firm of Brown, Baker, Schlageter and Craig represented the Debtor, Alumco Industries Corporation, and later, several of the directors, officers and employees of the corporation.

9.) The lapse of time from the institution of the lawsuit on December 19, 1980, and the institution of the Motion to disqualify, filed on March 16, 1981, indicates that the Trustee had, or should have had, for a period of approximately three months, knowledge that the Firm of Brown, Baker, Schlageter and Craig was representing the officers and employees of the Debtor Corporation, and he dealt with them as such. In fact, the preceding seven months of contact between the Trustee and the Attorneys, Brown, Baker, Schlageter and Craig, while the Chapter 7 was in progress, gave notice to the Trustee that the Firm of Brown, Baker, Schlageter and Craig had been representing the Corporation.

In the case of *City of Cleveland v. Cleveland Elec. Illuminating*, 440 F.Supp. 193 (N.D.Ohio 1976), aff'd. 573 F.2d 1310 (6th Cir. 1977), cert. den., 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978), Judge Krupansky stated that a client's right to object to an attorney's allegedly adverse representation may be waived. The facts in that case indicated that the City had prior knowledge that the law firm representing the Cleveland Electric Illuminating Company had previously represented the City and thereby had consented to that law firm's present representation of Cleveland Electric Illuminating. The case at bar involves a very large sum of money and a multiplicity of Defendants in several states. Many pleadings have been filed by both the Plaintiff and the Defendants since the adversary case was filed. The Trustee has known since December 30, 1980, that the firm of Brown, Baker, Schlageter and Craig was representing, or was going to represent, several of the Defendants and in fact has dealt with this firm in several pretrials without comment.

Therefore, this Court's conclusion is that the length of time having passed between the institution of the suit, together with the prior knowledge of the Trustee of Brown, Baker, Schlageter and Craig's representation of the Debtor, the officers, directors

and employees, and the filing of the Motion to Disqualify constitutes a waiver by the Trustee and a consent to the continuing representation of the Defendants by Brown, Baker, Schlageter and Craig.

Accordingly, it is ORDERED, ADJUDGED AND DECREED that the Motion of the Trustee for permanent injunction to disqualify be, and it hereby is, denied and the temporary injunction is hereby lifted.